UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALVIN RYAN GROSS | : | 4:21-CV-00699 |
| AND MINOR CHILDREN | : | |
| BRG-CMG, | : | |
| | : | (Magistrate Judge Schwab) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DANIELLE MARIE STINE, *et al*., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**
November 3, 2021

## I.  Introduction.

The plaintiff, Malvin Ryan Gross ("Gross"), filed a complaint based on a state court child custody decision.  After screening the complaint, we conclude that the complaint fails to state a claim upon which relief can be granted.  We will, however, grant Gross leave to file an amended complaint.

## II.  Background.

Gross commenced this action *pro se* on April 15, 2021, by filing a complaint. *Doc. 1.*  Gross filed an application to proceed *in forma pauperis*, which we granted. *Doc. 6.*

In his complaint, Gross seems to allege that the Lycoming County Family Court Division conspired against him regarding a child custody hearing. *Doc. 1* at 5. Although the complaint is fragmented, Gross seems to assert that the Commonwealth of Pennsylvania and "its 29th administrative Court Actors" erred in finding that Gross is "able bodied and can work beyond federal full time regulations." *Id*. Gross ostensibly alleges disability and that "the State has impuned the father [Gross] with egregious assignment of removal of child cusdoty [*sic*], increased Child Support, with an 'illegal garnishment' of both Possible income and Retirment. *Id*. Gross then claims that this agreement was coerced "with the Mothers false claims, false narratives Defendants continues to refuse to show correct income amounts to Lycoming County Domestic Relations an [*sic*] fraud with financial gain in over $85,000.00 of support awarded to the mother." *Id*. Gross then seems to allege that defendants Christina L. Dinges ("Dinges") and the Lycoming County Administrative court committed perjury in July 2020. *Id*.

The caption of the complaint lists "Danielle Marie Stine (AKA, Gross, Roberts) and Administrative Court of the 29th Judicial Lycoming County PA Administration and it [*sic*] Agents (Family Law Division)" as defendants. *Id.* at 1. Under the section entitled "The Parties to This Complaint," Gross includes Christina Louise Dinges, a "contractor attorney for Lycoming County Family law division" as a defendant *Id*. at 2. The body of the complaint does not mention

Danielle Marie Stine, nor does it indicate how she is related to the complaint. *Id*. at 5. As relief, Gross requests compensation of five million dollars for "pain and suffering for the continued emotional trauma beginning July 2015 continuing till present." *Id*. at 4. For the reasons discussed below, we conclude that the complaint fails to state a claim upon which relief can be granted.

### III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met. More specifically, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to

the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . .
plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen.
Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526
(1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more
than mere legal labels and conclusions. Rather, it must recite factual allegations
sufficient to raise the plaintiff's claimed right to relief beyond the level of mere
speculation. In practice, consideration of the legal sufficiency of a complaint
entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff
> must plead to state a claim." Second, the court should identify
> allegations that, "because they are no more than conclusions,
> are not entitled to the assumption of truth." Finally, "where
> there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and
citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and
"'however inartfully pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.
Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion.

### A. The complaint fails to state a claim upon which relief can be granted.

Gross's complaint is not clear.  It does not comply with the pleading

requirements of Fed. R. Civ. P. 8.[1]

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

"This already liberal standard is 'even more pronounced' where a plaintiff files the

complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d

69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94).  "[A] court must make

reasonable allowances to protect pro se litigants from the inadvertent forfeiture of

important rights due merely to their lack of legal training." *Id*.  Thus, "[c]ourts are

more forgiving of pro se litigants for filing relatively unorganized or somewhat

lengthy complaints." *Id*.

Liberally construing Gross's complaint, we nevertheless conclude that the

complaint fails to comply with Fed. R. Civ. P. 8, which requires, among other

things, that a claim for relief must contain "a short and plain statement of the

---

[1]  The complaint does not use numbered paragraphs as required by Fed. R. Civ. P. 10(b).  And although doing so would promote clarity, each claim is not stated in a separate count as required by Fed. R. Civ. P. 10(b).

grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d)(1).  Gross's complaint does not contain a short and plain statement of the court's jurisdiction. Moreover, his complaint does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint is littered with extraneous legal conclusions relating to conspiracy and perjury. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).  Here, the complaint does not provide fair notice of what Gross's claims are.  In fact, it is not entirely clear who all of the defendants are, what claims Gross is making against which defendants, or what relief he is seeking against which defendants.  Accordingly, the complaint fails to state a claim upon which relief can be granted.

As best we can understand, it appears as though Gross is alleging that the Lycoming County Family Court Division conspired against him by committing perjury and misconduct. *Doc. 1*. at 5.  Because direct evidence of a conspiracy is rarely available, the existence of a conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Still, to state a conspiracy claim upon which relief can be

granted, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Gross has not alleged facts leading to a reasonable inference of a conspiracy between any named defendants.  Instead, Gross's complaint strings together fragmented conclusions that are difficult to decipher and understand. *Doc. 1* at 5.  Accordingly, the complaint fails to state a claim upon which relief may be granted.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, in light of the liberal-amendment standard, we will grant Gross an opportunity to correct the deficiencies noted above.  Thus, the court will grant Gross leave to file an amended complaint.

We will briefly discuss some additional issues with respect to Gross's complaint of which Gross should be aware should he elect to file an amended complaint.

8

## B.  Federal Rule of Civil Procedure 20.

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)).  Still, the liberal policy of joinder under Rule 20 does not mean that unrelated claims and defendants can be joined in one action.  Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied, and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  If Gross elects to file an amended complaint, he must comply with Rule 20.

## C.  The *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review

final judgments of the states' highest courts. Congress has not "conferred a similar power of review on the United States District Courts," *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003), and the *Rooker-Feldman* doctrine is the doctrine that, by negative implication, inferior federal courts lack subject-matter jurisdiction to review final judgments of the states' highest courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997). Although the "doctrine conflicts with the familiar maxim that federal courts have a 'virtually unflagging' duty to exercise jurisdiction conferred by Congress," *Malhan v. Sec'y United States Dep't of State*, No. 18-3373, 2019 WL 4458806, at \*3 (3d Cir. Sept. 18, 2019) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), "[a]t the same time," it recognizes that "federal district courts are not amenable to appeals from disappointed state court litigants" and "[a] litigant seeking to appeal a state court judgment must seek review in the United States Supreme Court under 28 U.S.C. § 1257." *Id.*

Courts have concluded that *Rooker–Feldman* bars claims seeking to challenge state custody and support judgments. *See e.g. Prater v. City of Philadelphia Family Court*, 569 F. App'x 76, 79 (3d Cir. 2014) ("To the extent that Prater sought to challenge the ultimate judgment in the custody matter, the *Rooker–Feldman* doctrine barred his claim."); *Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 166 (3d Cir. 2011) ("We also agree that the *Rooker–Feldman* doctrine

bars Bukovinsky's claim that he has been harmed by state court judgments entered in the contempt and custody proceedings."); *Watson v. Kameen*, No. CV 3:15-1060, 2015 WL 7016503, at *2 (M.D. Pa. Nov. 12, 2015) (concluding that "[i]nsofar as plaintiff's amended complaint appears to seeks this court to reverse valid state-court judgments in his custody proceedings, any review of those state court decisions is barred by the *Rooker-Feldman* doctrine"); *Hudson v. Ness*, No. 1:13-CV-2207, 2013 WL 4854521, at *1 (M.D. Pa. Sept. 11, 2013) (concluding that under *Rooker–Feldman*, the court lacked the ability to review and reject adverse state-court rulings in a domestic relations case and adopting Report and Recommendation of a magistrate judge citing numerous cases in which courts have held that the *Rooker–Feldman* bars claims arising from state domestic relations rulings).

### D. Eleventh Amendment Immunity.

"Our federalist system of government accords respect for the sovereignty of the States in a variety of ways, including the Eleventh Amendment to the United States Constitution, which immunizes States from suits brought in federal court by both their own citizens and citizens of other States." *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 81 (3d Cir. 2016). It has been observed that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter

jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693, n.2 (3d Cir. 1996); *see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013) ("Therefore, unless Congress has 'specifically abrogated' the states' sovereign immunity or a state has unequivocally consented to suit in federal court, we lack jurisdiction to grant relief in such cases."); *but see Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 197 (3d Cir. 2008) (noting that "the Supreme Court's jurisprudence has not been entirely consistent in the view that the Eleventh Amendment restricts subject matter jurisdiction").

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "'to stand not so much for what it says, but for the presupposition . . . which it confirms.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)).  That presupposition is that each state is a sovereign entity in our federal system and it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*

12

"Immunity from suit in federal court under the Eleventh Amendment is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)). It "serves two fundamental imperatives: safeguarding the dignity of the states and ensuring their financial solvency." *Id*.  Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).  "The Eleventh Amendment's protection . . . is not limited to the States alone, but rather extends to entities that function as 'arms of the State.'" *Maliandi*, 845 F.3d at 81.

A state, however, may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate states' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).  The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A.§ 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).  Accordingly, if the Family Court of Lycoming County is an arm of the state, the Eleventh Amendment bars the claims against it.

13

The Third Circuit employs "a fact-intensive, three-step balancing test to ascertain whether a state-affiliated entity is an 'arm of the State' that falls within the ambit of the Eleventh Amendment." *Maliandi*, 845 F.3d at 83.  In conducting that balancing test, it has identified a number of factors, known as the *Fitchik* factors, derived from *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989).  "[T]he *Fitchik* factors are (1) the funding factor: whether the state treasury is legally responsible for an adverse judgment entered against the alleged arm of the State; (2) the status under state law factor: whether the entity is treated as an arm of the State under state case law and statutes; and (3) the autonomy factor: whether, based largely on the structure of its internal governance, the entity retains significant autonomy from state control." *Maliandi*, 845 F.3d at 83.

"The Pennsylvania constitution provides for the vesting of the Commonwealth's judicial power in a "unified judicial system" which includes all of the courts in Pennsylvania." *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) (quoting Pa. Const. art. V, § 1.).  "Moreover, the constitution provides that the Pennsylvania Supreme Court will exercise 'general supervisory and administrative authority' over the unified judicial system." *Id*. (quoting Pa. Const. art. V, §§ 1, 2, and 10.)  "All courts and agencies of the unified judicial system . . .  are part of 'Commonwealth government' and thus are state rather than

14

local agencies." *Id*. (citing Pa. Const. art. V, § 6(c); 42 Pa. Cons.Stat. Ann. § 102; 42 Pa. Cons.Stat. § 301).

In *Callahan*, the Third Circuit addressed whether the First Judicial District was a person subject to suit under 42 U.S.C. § 1983. Although addressing a question of statutory construction, rather than Eleventh Amendment immunity, the court applied the *Fitchik* factors. *Id*. at 670. As to the first *Fitchik* factor, the court recognized that both the Commonwealth of Pennsylvania and the City of Philadelphia fund the First Judicial District. *Id*. at 672. It found that factor "of limited utility in determining whether the judicial defendants are persons under section 1983." *Id*. It concluded, however, "[a]pplication of the second and third *Fitchik* factors conclusively demonstrates that the judicial defendants are not persons within section 1983." *Id*. Concluding that the judicial defendants are "part of the unified judicial system subject to the control of the Supreme Court," and that it is "perfectly clear that the judicial defendants are not independent of the Commonwealth and hardly can be regarded as having significant autonomy from the Pennsylvania Supreme Court," it held that "while it is true that the judicial defendants largely are funded locally, we hold that they are not persons within section 1983." *Id*. at 673.

Building on *Callahan*'s analysis of the structure of the unified judicial system of Pennsylvania and its analysis of the *Fitchik* factors, the Third Circuit

later held that the courts of Pennsylvania are state entities entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) ("The Pennsylvania constitution envisions a unified state judicial system, of which the Judicial District is an integral component.  From a holistic analysis of the Judicial District's relationship with the state, it is undeniable that Pennsylvania is the real party in interest in Benn's suit and would be subjected to both indignity and an impermissible risk of legal liability if the suit were allowed to proceed."); *see also Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (concluding that "as an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity," but holding that in that case, the Eleventh Amendment immunity was waived by acceptance of federal funds under the Rehabilitation Act).

Based on the Third Circuit case law, the Family Court of Lycoming County is a part of the state and is entitled to Eleventh Amendment immunity. *See Lecadre v. City of Harrisburg*, No. 1:15-CV-01332, 2015 WL 5693138, at *3 (M.D. Pa. Sept. 28, 2015) (concluding that claims against the Dauphin County Court of Common Pleas were barred by the Eleventh Amendment).

## V.  Order.

Based on the foregoing, **IT IS ORDERED** that Gross is **GRANTED** leave

to file an amended complaint within 28 days of the date of this Order.[2]


*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[2]  Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  Gross "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*.  "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.  Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.  Any amended complaint must also comply with Fed. R. Civ. P. 20.